UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GAME PLAN, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>UNINTERRUPTED LLC, NIKE INC.,<br>WALT DISNEY COMPANY d/b/a ESPN,<br>INC., and TAKE-TWO INTERACTIVE<br>SOFTWARE, INC.,<br><br>            Defendants. | Civil Action No.  1:20-cv-00455-DLF<br><br>**MOTION FOR DEFAULT<br>JUDGMENT** |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Plaintiff, Game Plan, Inc. ("Game Plan") moves for default against Defendants, Uninterrupted LLC, Take-Two Interactive Software, Inc., and the Walt Disney Company or ESPN Enterprises, Inc. (hereinafter "ESPN") as each of those named defendants have failed to answer or otherwise respond to the Complaint.  A proposed order is appended for the convenience of the Court.

## INTRODUCTION

The Complaint in this matter alleges facts that the Defendants have made unauthorized use of the valid trademark belonging to Game Plan.  That unauthorized use has caused Game Plan to suffer a harm to its trademark and lose the ability to derive value from it.   The Defendants, multimillion or multibillion-dollar companies, have gained substantial profits after making that unauthorized use of Game Plan's trademark.

Game Plan served each of the Defendants, yet Uninterrupted LLC, Take-Two Interactive Software, Inc., and ESPN have failed to make a responsive pleading. Accordingly, a default judgment is warranted.

## STATEMENT OF FACTS

On February 18, 2020, Game Plan Inc., filed in the United States District Court for the District of Columbia, its Complaint alleging certain Trademark infringement, false designation, and dilution practices by the defendants in violation of the Lanham Act, 15 U.S.C. §114 and 15 U.S.C. §§1125(a)-(c), and unfair competition and unjust enrichment. *See* Doc. #1.

On February 24, 2020, a copy of the Complaint and a Summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for ESPN, at Walt Disney Company's 500 South Buena Vista Street, Burbank, California 91521. *See* Doc. #9.

On March 12, 2020, by Order of this Court, all defendants were to answer the Complaint on or before May 15, 2020. *See* Minute Order March 12, 2020.

On March 12, 2020, a copy of the Minute Order was forwarded via email to representatives of Nike, Inc., ESPN, and Uninterrupted LLC, Take-Two Interactive Software, Inc.

On March 17, 2020, a copy of said Complaint and a Summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for Uninterrupted LLC, at Corporation Trust Center, located at 1209 Orange Street, Wilmington, Delaware 19801. *See* Doc. # 10.

On March 21, 2020, a copy of said Complaint and a Summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for Take-Two

Interactive Software, Inc., at Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808. *See* Doc. # 11.

As of May 15, 2020, no Answer or other responsive motion thereto having been served by Defendants, Uninterrupted LLC, ESPN, or Take-Two Interactive Software, Inc. Plaintiff, Game Plan Inc., is entitled to judgment by default against those defendants.

## ARGUMENT

### I. LEGAL STANDARD ON A MOTION FOR DEFAULT

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure requires Game Plan to apply for a default judgment in all cases where requirements for a clerk-entered default judgment cannot be met. See Fed. R. Civ. P. 55(b)(2). The determination of whether default judgment is appropriate is committed to the discretion of this Court. *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 6 (D.D.C. 2008) quoting *Int'l Painters & Allied Trades Industry Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well pled allegation in the complaint." *Id*.

### II. GAME PLAN IS ENTITLED TO RELIEF

This action encompasses the following claims: (1) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114 et seq.; (2) false Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a); (3) Trademark Dilution under the Lanham Act, 15 U.S.C. §1125(c); (4) unfair competition; and (5) unjust enrichment.

      *i.*     <u>*Trademark Infringement Claim*</u>

To prevail on a claim of trademark infringement in this Court, "the plaintiff must show (1) that it owns a valid trademark, (2) that its trademark is distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of confusion between the plaintiff's mark and the alleged infringer's mark." *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 26 (D.D.C. 2006) quoting *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomm. Indus. Ass'n*, 929 F. Supp. 473, 476 (D.D.C. 1996) (citing *Sears, Roebuck* and *Co. v. Sears Fin. Network*, 576 F. Supp. 857, 861 (D.D.C. 1983)).

To prevail on a claim in the D.C. Circuit, "the plaintiff must show (1) that it owns a valid trademark, (2) that its trademark is distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of confusion between the plaintiff's mark and the alleged infringer's mark." *Globalaw Ltd.*, 452 F. Supp. 2d at 26-27.

By default, Defendant admits that Plaintiff has valid marks that are distinct and have a secondary meaning, and that there is a substantial likelihood of confusion.

      *ii.*     <u>*False Designation of Origin Claim*</u>

A claim for federal trademark infringement pursuant to 15 U.S.C. § 1114 and a claim for a false designation of origin pursuant to 15 U.S.C. § 1125(a) are measured by the same standards under the Lanham Act. *Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 26 (D.D.C. 2006).

Therefore, based on the standard of the foregoing section, and the allegations in the Complaint, Game Plan has met the standard for this claim, and by default the allegations are admitted.

### iii. Dilution Claim

This Court has found dilution to be met when the plaintiff demonstrates that (1) that their own trademark is "distinct and famous;" (2) that a defendant adopted the plaintiff's trademark after it had become famous; and (3) that defendant's use of the trademark dilutes the famous mark. 15 U.S.C. § 1125(c). *Bell Helicopter Textron Inc. v. Islamic Republic of Iran*, 764 F. Supp. 2d 122, 128 (D.D.C. 2011).

Game Plan alleged in its Complaint at ¶ 101, that the mark was strongly associated with Game Plan, and the exclusive identifier of its business, products, and services. See Doc. #1, ¶ 101. That is the "distinct and famous" language. Game Plan gained its fame since 2015, and after the first use of the mark on products on October 8, 2017. The Defendants each used the mark after Game Plan became distinct and famous. The Defendants, subject to default here, used Game Plan's mark in such a way to tarnish Game Plan's mark, and cause Game Plan's trademark and business to lose its ability to serve as a unique identifier of Game Plan's product. *Id.* ¶¶ 80 and 101. The Defendants subject to this default motion used Game Plan's mark on products showing the source of the goods to be associated with themselves and reducing the uniqueness with Game Plan, and by default have admitted these allegations.

Therefore, Game Plan has sufficiently pled its Dilution claim to meet the standard.

### iv. Unfair Competition Claim

Unfair competition is not defined. *Furash & Co. v. McClave*, 130 F.Supp. 2d 48, 57 (D.D.C. 2001). These acts include interference with access to the business, and false advertising or deceptive packaging likely to mislead customers into believing goods are those of a competitor." *B & W Mgt., Inc. v. Tasea Investment Co.*, 451 A.2d 879, 881 n.3 (D.C. 1982).

The Defendants use the "I AM MORE THAN AN ATHELTE" word mark which is validly registered to Game Plan, in the same line of business as Game Plan, which caused confusion between the consuming public. That same confusion harmed the distinctiveness of the mark and the ability for Game Plan to use the value of the mark. The likelihood of confusion caused the consuming public to have an issue with the source of the product by Game Plan.

Therefore, Game Plan has met its burden in the Complaint to establish this claim, and it was admitted by default.

    v.    <u>Unjust Enrichment Claim</u>

The theory of unjust enrichment is triggered when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust. *Xereas v. Heiss*, 933 F. Supp. 2d 1, 12 (D.D.C. 2013) quoting *Peart v. District of Columbia Hous. Auth.*, 972 A.2d 810, 813 (D.C. 2009) quoting *News World Communic'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005)). "For defendants to be liable for unjust enrichment, their actions must be 'unjust,' that is to say, they must have committed some 'wrongful act.'" *Xereas v. Heiss*, 933 F. Supp. 2d 1, 12 (D.D.C. 2013) quoting *Griffith v. Barnes*, 560 F. Supp. 2d 29, 34 (D.D.C. 2008) (citing *Thompsen*, 878 A.2d at 1225). The court must evaluate unjust enrichment claims on a "case-by-case basis, considering the particular circumstances giving rise to the claim." *Peart v. District of Columbia Hous. Auth.*, 972 A.2d 810, 814 (D.C. 2009).

The unauthorized use of Game Plan's trademark on products and services have conferred a benefit on the Defendants as they have made profit from their respective sales. *See Doc. 1, ¶ 46-85*. These defendants have retained their profits, and the retention of the benefits are unjust

because those benefits to the Defendants were created due to the unauthorized use of the Plaintiff's trademark.

Therefore, Game Plan has pled the requisite elements to recover damages under this claim, as each allegation is admitted by default.

## DAMAGES

Default establishes the Defendants' liability, but this Court is required to make an independent determination as to the sum to be awarded when the amount of damages is uncertain. *Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc*., 589 F. Supp. 2d 25, 28 (D.D.C. 2008). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested, and the Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 6 (D.D.C. 2008).

Under the Lanham Act, the trademark holder may recover statutory damages from "$500.00 to $100,000.00" per counterfeit mark per type of goods or services sold, offered for sale, or distributed, regardless of willfulness, and up to $ 1,000,000.00 per counterfeit mark per type of goods if the infringement was willful. *Lifted Research Group, Inc. v. Behdad, Inc.*, 2010 U.S. Dist. LEXIS 64670, *7, Copy. L. Rep. (CCH) P29,948.

Statutory damages under the Lanham Act serve to compensate trademark holders for their losses and deter wrongful conduct. *PetMed Express, Inc. v. MedPets.com, Inc*., 336 F. Supp. 2d 1213, 1220-21 (S.D. Fla. 2004) (citing *Louis Vuitton Malletier & Oakley, Inc. v. Vei*t, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002)). Courts have substantial discretion in awarding statutory damages. *Chi-Boy Music v. Charlie Club, Inc*., 930 F.2d 1224, 1229 (7th Cir. 1991)). The Lanham Act provides the Court with discretion to award a broad range of monetary damages and

limited guidance. *Lifted Research Group, Inc. v. Behdad, Inc*., 2010 U.S. Dist. LEXIS 64670, *13-14, Copy. L. Rep. (CCH) P29,948.

Game Plan moves this honorable Court for a default judgment where the claim is for an amount that is not certain, as stated in the Complaint, "not less than $33,000,000.00." *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1287 (C.D. Cal. 2001).  However, based on the fact the Defendants were provided a cease and desist letter, this Court can find the conduct of the Defendants to be willful, therefore raising each violation up to $1,000,000.00.

Although the amount is not certain, statutory calculations would be astronomical.  The judgment could be far in excess of the $33,000,000.00 sought in the Complaint because Uninterrupted LLC sold clothing items in conjunction with Nike, Inc., on a worldwide level. Beyond that, with marketing, advertising, and sales of ESPN and Take-Two Interactive Software, Inc. as the top sports news provider and video game for NBA basketball simulation— respectively—sales of products easily top 100,000 units at minimum.  On the conservative side, Uninterrupted LLC and Nike, Inc., could have sold 66,000 t-shirts worldwide, which would on the low end of the statutory calculation of $500 for each t-shirt would meet the $33,000,000.00 prayed for.  From another perspective, this number could grow exponentially, when including sales of other products, with an increased statutory penalty of up to $1,000,000.00 for the willful sale of each counterfeit item sold.

## CONCLUSION

Based on the foregoing, Game Plan respectfully requests this Court to grant Game Plan's motion, and enter a default judgment against defendants The Walt Disney Company doing business as ESPN, Uninterrupted LLC, and Take-Two Interactive Software, which would enjoin

each of those defendants from using the mark and pay monetary damages to Game Plan, within the Court's discretion, not less than $33,000,000.00.

## AFFIDAVIT

I, Ryan L. Jones, do hereby certify that the statements and allegations set forth in the foregoing Motion are true and accurate to the best of my knowledge and belief.

Dated:  June 1, 2020                        By: /s/ Ryan L. Jones
                                                        Ryan L. Jones (D.C. Bar No. 1015309)
                                                       RYAN L. JONES LAW, LLC
                                                       1133 21st Street NW, Suite M200
                                                       Washington, D.C. 20036
                                                       Telephone: (202) 340-8786
                                                       ryan@rljoneslaw.com

                                                       *Attorney for Plaintiff*
                                                       *Game Plan, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, a copy of the foregoing was filed on ECF. Each of the named defendants, The Walt Disney Company (ESPN), Uninterrupted LLC, and Take-Two Interactive Software, Inc. will be served by the ECF filing system, along with NIKE, Inc.

                                                                             ***/s/ Ryan L. Jones***

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GAME PLAN, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNINTERRUPTED LLC, NIKE INC.,<br>WALT DISNEY COMPANY d/b/a ESPN,<br>INC., and TAKE-TWO INTERACTIVE<br>SOFTWARE, INC.,<br><br>　　　　　　　Defendants. | Civil Action No.  1:20-cv-00455-DLF<br><br>**FINAL ORDER** |

Upon consideration of the Plaintiff Game Plan, Inc.'s Motion for Default Judgment, (hereinafter, "Game Plan") the exhibits submitted in support thereof; and the entire record herein, the Court summarizes below the pertinent background and findings supporting the conclusion that the proposed Default Judgment is fair, reasonable, and adequate.

**I.  BACKGROUND**

On February 18, 2020, Game Plan Inc., filed in the United States District Court for the District of Columbia, a Complaint alleging certain Trademark infringement, false designation, and dilution practices by the defendant in violation of the Lanham Act, 15 U.S.C. §114 and 1125(a)-(c), and unfair competition and unjust enrichment.  A copy of said Complaint is Plaintiff's [1].  On February 20, 2020, defendant, The Walt Disney Company or ESPN Enterprises, Inc., which is a media outlet, wrote an article in reference to the above captioned matter, and acknowledged it was a party to the case but had no comment, as seen in Exhibit 1.

On February 24, 2020, a copy of said Complaint and a Summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for ESPN Enterprises,

at Walt Disney Company's 500 South Buena Vista Street, Burbank, California 91521.  A copy of the Process Receipt and Return and Summons is incorporated herein by reference at [9].

As of May 18, 2020, no filing was made by defendants The Walt Disney Company (ESPN), Uninterrupted LLC, and Take-Two Interactive Software, Inc.

May 15, 2020, is the ordered filing date to answer the Complaint and Summons upon the defendants, and no Answer thereto having been served by named defendants with the exception of Nike, Inc. upon the Plaintiff, Game Plan Inc., which is support by its Affidavit.  The Walt Disney Company (ESPN), Uninterrupted LLC, and Take-Two Interactive Software, Inc., as the allegations read in the Complaint [1], has failed to plead or otherwise defend this action, and the Plaintiff, Game Plan Inc., is entitled to judgment by default against defendants.  Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the named defendants, with the exception of NIKE, Inc., for relief sought by Plaintiff in its Complaint.

## II. FINDINGS

The Court finds that service of the Summons and Complaint on Defendants, The Walt Disney Company (ESPN), Uninterrupted LLC, and Take-Two Interactive Software, Inc. was proper and sufficient to make clear the allegations and claims made against them.  The defendants knew of the complaint and were aware of the extension to file a response by May 15, 2020, prior to its responsive pleadings becoming due.  There are no issues with the factual allegations made in the Complaint.

## III. ORDER

Upon consideration of the foregoing BACKGROUND and FINDINGS, its is hereby

1. **ORDERED** that this Judgment incorporates and makes part hereof: (i) the

Complaint [1] filed with the Court on February 18, 2020.

2. **ORDERED** that the Complaint for violations of the Lanham Act and unfair competition and unjust enrichment following from the federal allegations is awarded and GRANTED in its entirety, with prejudice and with costs to the defendants, with the exception of NIKE, Inc., and it is further

3. **ORDERED** that, upon the date of this Judgment, that this Judgment is enforceable with full faith and credit against the Defendants, except for NIKE, Inc., subject to the Plaintiff's motion in all jurisdiction foreign or domestic.

4. **ORDERED** that, without further order of the Court, the Plaintiff is owed the Prayer of Relief it seeks from the defendants, The Walt Disney Company, Uninterrupted, and Take-Two Interactive Software, Inc.

5. **ORDERED** that the Clerk of the Court enter Judgment against the Walt Disney Company (ESPN), Uninterrupted LLC, and Take-Two Interactive Software, Inc.

**SO ORDERED**.

Date: _____                               _____
                                                    Dabney L. Friedrich
                                                    United States District JUDGE