**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GAME PLAN, INC., | : |
| | : |
| Plaintiff, | : |
| | :  CIVIL ACTION NO.: 1:20-cv-00455-DLF |
| v. | : |
| | : |
| UNINTERRUPTED LLC, NIKE, INC., | : |
| WALT DISNEY COMPANY d/b/a ESPN, | : |
| INC. and TAKE-TWO INTERACTIVE | : |
| SOFTWARE, INC., | : |
| | : |
| Defendants. | |

**DEFENDANTS UNINTERRUPTED LLC, WALT DISNEY COMPANY d/b/a ESPN, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO VACATE DEFAULT AND TO DISMISS COMPLAINT OF GAME PLAN, INC.**

Pursuant to Rules 4, 17, and 55 of the Federal Rules of Civil Procedure and LCvR 7(g), and for the reasons set forth in the accompanying Statement of Points and Authorities, Defendants Uninterrupted LLC ("Uninterrupted"), The Walt Disney Company, inaccurately sued in this case as Walt Disney Company d/b/a ESPN, Inc. ("ESPN"), and Take-Two Interactive Software, Inc. ("T2") (collectively "Moving Defendants"), respectfully submit this motion to vacate the defaults entered against each of the Moving Defendants and to dismiss Plaintiff Game Plan, Inc.'s ("Game Plan") Complaint for failure to effectuate proper and timely service.

1

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 1, 2020 | /Goutam Patnaik/<br>Goutam Patnaik (D.C. Bar No. 487664)<br>PEPPER HAMILTON LLP<br>2000 K Street, N.W.<br>Suite 600<br>Washington, DC  20006-1865<br>Tel:  (202) 220-1200<br>Fax:  (202) 220-1465<br>patnaikg@pepperlaw.com<br><br>*Attorney for Defendants,*<br>*Uninterrupted LLC, Walt Disney Company*<br>*d/b/a ESPN, Inc., and Take-Two Interactive*<br>*Software, Inc.* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GAME PLAN, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 1:20-cv-00455-DLF |
| v. | : |
| | : |
| UNINTERRUPTED LLC, NIKE, INC., WALT DISNEY COMPANY d/b/a ESPN, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | : |
| | : |
| Defendants. | : |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS UNINTERRUPTED LLC, WALT DISNEY COMPANY d/b/a ESPN, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO VACATE DEFAULT AND TO DISMISS COMPLAINT OF GAME PLAN, INC.**

Defendants Uninterrupted LLC ("Uninterrupted"), The Walt Disney Company, inaccurately sued in this case as Walt Disney Company d/b/a ESPN, Inc. ("ESPN"), and Take-Two Interactive Software, Inc. ("T2") (collectively "Moving Defendants") respectfully submit this Statement of Points and Authorities in support of the Motion to Vacate Default and to Dismiss the Complaint of Plaintiff Game Plan, Inc. ("Plaintiff or "Game Plan").

Good cause exists to vacate the defaults entered against each of the Moving Defendants on May 22, 2020 by the clerk of this Court [DKT Nos. 19-21]. Contrary to the affidavit submitted by its counsel, Plaintiff did not properly serve the Moving Defendants with the Complaint and a fully executed Summons. Absent proper service, Moving Defendants were, and continue to be, under no obligation to respond to Plaintiff's Complaint.

Furthermore, because Plaintiff failed to properly serve the Moving Defendants in a timely manner, the Complaint against the Moving Defendants should be dismissed, without

1

prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Finally, Plaintiff's Complaint against "ESPN" should also be dismissed because neither of the two different "ESPN" entities Plaintiff identifies in the Complaint and Summons exists.

## I. RELEVANT FACTS

On February 18, 2020, Plaintiff initiated this proceeding by filing its Complaint against Moving Defendants and an additional Defendant, NIKE, Inc. ("NIKE"). [DKT No. 1]. On March 6, 2020, counsel for Moving Defendants offered to accept service of the Complaint on behalf of Uninterrupted and ESPN. *See* Ex. "A." However, Plaintiff's counsel rejected the offer and indicated that he preferred to perfect service under Rule 4(h). *See id*.

> From: Ryan L. Jones [mailto:ryan@rljoneslaw.com]
> Sent: Friday, March 06, 2020 6:49 PM
> To: Shire, Howard J.
> Cc: Duvdevani, Tamar; McConnell, Sean P.
> Subject: [EXTERNAL] Re: Extension of time for Nike to respond to the complaint and service of complaint with respect to Uninterrupted and ESPN
>
> Dear Counsels,
>
> Game Plan would like to perfect service on UN, under Rule 4(h), and allow each Defendant, by consent, to file a response at an agreeable time. If that's 60 days from now, or longer, we are agreeable to that.
>
> Please advise.
>
> Best,
>
> Ryan
>
> Ryan L. Jones Law
> 1133 21st Street NW, #M200
> Washington, D.C. 20036
> 202-340-8786
> ryan@rljoneslaw.com

Plaintiff claims to have served the Complaint and Summons against the Moving Defendants by first class mail. [DKT No. 18, ¶¶ 2, 4-5]. But in each instance, the attempt was defective.

### A. Plaintiff's Insufficient Attempt to Identify and Serve "ESPN"

On February 24, 2020, a copy of the Complaint and an unsigned and unsealed Summons was attempted to be served via first class mail on "WALT DISNEY COMPANY doing business as ESPN ENTERPRISES" to an address in Burbank, California. *See* Exhibit "B", Declaration

of David Mayer ("Mayer Dec."), ¶ 3, Ex. 1.  The Summons included in the mailing was not signed by the clerk and did not include the seal of this Court.  *See id*. (and shown below).



Plaintiff's Complaint and Summons to "ESPN" also identify two different parties, neither of which exists as an entity.  Specifically, as noted above, the Summons was addressed to "WALT DISNEY COMPANY doing business as ESPN ENTERPRISES."  Mayer Dec., Ex. 1.  By comparison, Plaintiff's Complaint identifies "WALT DISNEY COMPANY doing business as ESPN, Inc." as a named defendant.  [DKT No. 1, ¶ 1] (highlighted below):

> WALT DISNEY COMPANY doing business as ESPN, INC
> ESPN Plaza
> Bristol, Connecticut 06010-7454
>
> TAKE-TWOIN TERACTIVE SOFTWARE, INC.
> 110 W 44th Street
> New York, New York 10036
>
> Defendants.
>
> The Plaintiff, Game Plan, Inc. ("Game Plan"), as and for its Complaint against Defendants Uninterrupted LLC ("Uninterrupted"), Nike, Inc. ("Nike"), WALT DISNEY COMPANY doing business as ESPN, Inc. ("ESPN"), and Take-Two Interactive Software, Inc. ("NBA 2K") (collectively "the Defendants"), by and through undersigned counsel, hereby alleges as follows:

The two "ESPN" entities identified by Plaintiff in the Complaint ("WALT DISNEY COMPANY doing business as ESPN, Inc.") and Summons ("WALT DISNEY COMPANY doing business as ESPN Enterprises") do not exist. *See* Ex. "C", Declaration of Tonia H. David-Sinatra ("David-Sinatra Dec."), ¶¶ 3-5.  Counsel for Plaintiff was informed of this fact in March.  *See* Ex. "D."  Furthermore, although these non-existent entities are alleged to be in Bristol, Connecticut, in fact The Walt Disney Company has no office or place of business in Bristol, and has not conducted business as ESPN, Inc., as ESPN Enterprises, or any other "ESPN" entity.  *See* David-Sinatra Dec.., ¶ 6.   To date, Plaintiff has not taken any steps to correct the error, identify a viable "ESPN" entity that could be sued as a proper defendant, or to otherwise provide any amended service of process.  *See* Mayer Dec., ¶ 4.

B. **Plaintiff's Insufficient Attempt to Serve Uninterrupted**

On March 17, 2020, Uninterrupted received a copy of the Complaint and an unsigned and unsealed Summons via first class mail.  *See*, Ex. "E", Declaration of Devin Johnson ("Johnson

4

Dec."), ¶ 3, Ex. 1 (and shown below).  Uninterrupted has not received any other attempted or corrected service from Plaintiff.  *See id.*, ¶ 4.



### C.     **Plaintiff's Insufficient Attempt to Serve T2**

On February 26, 2020, T2 received a copy of the Complaint and an unsigned and unsealed Summons via first class mail, which was postmarked February 21, 2020.  *See* Ex. "F", Declaration of Linda Zabriskie ("Zabriskie Dec."), ¶ 3, Ex. 1 (and shown below).  On March 25, 2020, Plaintiff provided the same unsigned and unsealed Summons and Complaint to CSC, T2's registered agent for service of process.  *See id.*, ¶ 4.  Both attempts at service were deficient, and T2 has not received any other attempted or corrected service from Plaintiff.  *See id.*, ¶ 5.

> Case 1:20-cv-00455-DLF   Document 3-3   Filed 02/18/20   Page 1 of 2
>
> AO 440 (Rev. 06/12; DC 3/15)  Summons in a Civil Action
>
> UNITED STATES DISTRICT COURT
> for the
> District of Columbia
>
> GAME PLAN, INC.
>
> Plaintiff(s)
> v.                                        Civil Action No. 1:20-CV-00455
> UNINTERRUPTED LLC,
> NIKE INC.,
> ESPN ENTERPRISES
> TAKE-TWO INTERACTIVE SOFTWARE, INC.
> Defendant(s)
>
> SUMMONS IN A CIVIL ACTION
>
> To: (Defendant's name and address)  TAKE-TWO INTERACTIVE SOFTWARE, INC.
> 110 W 44th Street
> New York, NY 10036
>
> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
> TAKE-TWO INTERACTIVE SOFTWARE, INC.
> Attn: General Counsel
> 110 W 44th Street
> New York, NY 10036
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.
>
> ANGELA D. CAESAR, CLERK OF COURT
>
> Date: _____        _____
>                              Signature of Clerk or Deputy Clerk

To date, the clerk of this Court still has not issued a signed and sealed Summons that could be served on T2.  [DKT No. 4].

**D.     Plaintiff's Agreement and Joint Motion with NIKE Did Not Mention or Include Any Agreement with Moving Defendants**

On March 12, 2020, NIKE and Plaintiff filed a Joint Stipulation to allow NIKE extra time to file its responsive pleading (the "Stipulation").  [DKT No. 7].  In preparing the Stipulation, counsel for Plaintiff acknowledged the Stipulation was to be only for NIKE because all defendants had not yet been served and other defendants may challenge service.  Thus, he did not believe that "all defendants should have a unified date to answer."  *See* Ex. "G."

In keeping with this sentiment, the explicit terms of the Stipulation only addressed the deadline for NIKE to submit its responsive pleading, as shown by the excerpts below:

6

> **WHEREAS**, Defendant NIKE, Inc. ("NIKE") was served on February 24, 2020 and its response to the Complaint is currently due on March 16, 2020;

[*Id.*, p. 1]; and

> Case 1:20-cv-00455-DLF Document 7 Filed 03/12/20 Page 2 of 3
>
> Based on the above, the parties **HEREBY STIPULATE** as follows:
> 1. NIKE shall have up to and including May 15, 2020 to answer, move, or otherwise respond to Plaintiff's Complaint.
> 2. The parties respectfully request an Order from the Court confirming the new responsive pleading deadline set forth in this stipulation.

[*Id.*, p.2].

      The Stipulation was only signed by counsel for NIKE and Plaintiff, and was electronically filed by Plaintiff's counsel. *See id.* Moving Defendants were not a party to the Stipulation. *See id.* Notwithstanding that the Stipulation was limited only to NIKE and Plaintiff, Plaintiff's explicit desire not to set the same date for all defendants to respond to its Complaint, and that the Stipulation only addressed an extension for NIKE, the Court's March 12, 2020 Minute Order (shown below) inaccurately granted "defendants'" joint motion and obligated unnamed "defendants" to respond to Plaintiff's Complaint by May 15th.

| 03/12/2020 | 7 | Joint MOTION for Extension of Time to File Answer *1:20-cv-00455* by GAME PLAN, INC. (Jones, Ryan) (Entered: 03/12/2020) |
|---|---|---|
| 03/12/2020 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NIKE INC. served on 2/24/2020, answer due 3/16/2020 (Jones, Ryan) (Entered: 03/12/2020) |
| 03/12/2020 | | MINUTE ORDER granting the defendants' 7 Joint Motion for Extension of Time to Answer. Accordingly, the defendants shall answer the 1 Complaint on or before May 15, 2020. So Ordered by Judge Dabney L. Friedrich on March 12, 2020. (lcdlf3) (Entered: 03/12/2020) |

      Because they had not been properly served with the Summons and Complaint, and had not made an appearance in the case, Moving Defendants received no notice of this Minute Order. Indeed, Plaintiff does not even claim to have attempted service on Uninterrupted or T2 until after the March 12, 2020 Minute Order issued.

7

## II.     ARGUMENT

### A.     Moving Defendants Cannot Be Held in Default When They Were Under No Obligation to Respond to Plaintiff's Complaint

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 90 L. Ed. 185 (1946)), superseded by statute on other grounds, Futures Trading Practices Act of 1992 § 211, Pub. L. No. 102-546, 106 Stat. 3590 (1992).

Moving Defendants respectfully submit they have not been under any obligation to respond to the Complaint because Plaintiff has failed to effectuate proper service of process. Federal Rule 4(a)(1) specifies the content that a valid summons <u>must</u> contain, *inter alia*: "(A) name the court and the parties; (B) be directed to the defendant; … (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1). The failure to serve a properly completed, signed, and sealed summons is not a minor or technical defect, but one that is prejudicial to a defendant and which shows a flagrant disregard for requirements of Rule 4. *See Soos v. Niagara County*, 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016) (citing, *e.g.*, *Macaluso v. N.Y. State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) ("This Court . . . does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4. Accordingly, the Court declines to exercise its discretion to grant leave to amend process.").

Here, as shown above, none of the Moving Defendants has ever been served with a proper and complete Summons signed by the clerk of this Court or which bears this Court's seal. This failure alone is sufficient to preclude any obligation to respond to Plaintiff's Complaint. Accordingly, defaults should not be entered against any of Moving Defendants.

Further, and with respect to "ESPN," the party to which the unsigned and unsealed Summons was directed ("WALT DISNEY COMPANY doing business as ESPN Enterprises") differs from the "defendant" named in the Complaint ("WALT DISNEY COMPANY doing business as ESPN, Inc."). Thus, the Summons to "ESPN" is further deficient because it is not directed to the "defendant" named in the Complaint (putting aside the fact that neither of these entities even exist).

Further, and with respect to T2, the clerk still has not issued a signed and sealed Summons which could have been served. [DKT No. 4].

Plaintiff has failed its obligation to effectuate proper service of process on any of Moving Defendants. Fed. R. Civ. P. 12(b)(4). Rather, it appears obvious that Plaintiff's counsel attempted to have them served without regard for the clear mandates of Rule 4. Under these circumstances, Moving Defendants were not and still are not under any obligation to respond to Plaintiff's Complaint.

The Court's Minute Order of March 12, 2020 also did not obligate the Moving Defendants to respond to Plaintiff's Complaint. The only parties to the Stipulation were Plaintiff and NIKE. [DKT No. 7]; *see also* Ex. "G." Because Moving Defendants were not subject to this Court's jurisdiction at the time and did not receive notice of the Minute Order, and since Plaintiff's request for a default [DKT No. 18] indicates that it did not even attempt to serve two of the Moving

Defendants until after March 12th, the Minute Order could not have been binding on the Moving Defendants.

In sum, there are no grounds for the Moving Defendants to be in default. Maintaining the defaults would be procedurally improper and highly prejudicial to Moving Defendants. Accordingly, Moving Defendants respectfully request the defaults be vacated.

**B.     Plaintiff's Complaint Was Not Served on Moving Defendants in the Time Allowed and Should Be Dismissed**

The language of Federal Rule 4(m) is clear, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Plaintiff filed its Complaint on February 18, 2020. [DKT No. 1]. Therefore, the 90-day limit imposed by Rule 4(m) mandated that Moving Defendants be served no later than May 18, 2020. Plaintiff has not met this obligation. Accordingly, Rule 4(m) requires the Court to dismiss Plaintiff's Complaint against Moving Defendants without prejudice or order that Plaintiff effectuate proper service within a specified time.

Under the present circumstances, Moving Defendants respectfully submit Plaintiff's Complaint should be dismissed without prejudice to Plaintiff filing an Amended Complaint. First, and as further described below, the Complaint against "ESPN" must be dismissed because Plaintiff attempted to sue an entity that does not exist. Plaintiff was even informed of this fact more than two months ago. Allowing Plaintiff more time to properly serve a non-existent entity simply makes no sense. Rather, if Plaintiff desires to file suit against an actual "ESPN" entity, it may revise and properly serve an Amended Complaint against Uninterrupted, T2, and an appropriate "ESPN" entity.

Second, currently pending before this Court is NIKE's Partial Motion to Dismiss the Third and Fifth Claims for Relief of Plaintiff's Complaint ("NIKE's Motion"). [DKT No. 16]. The resolution of NIKE's Motion to Dismiss will have a meaningful impact on the claims that will ultimately be at issue in this proceeding. It therefore serves the parties' interests and judicial economy to dismiss the Complaint against the Moving Defendants while NIKE's Motion is pending.

If Plaintiff were permitted to immediately refile its Complaint (as currently written) against Uninterrupted, T2, and an appropriate "ESPN" entity, these defendants would need to expend resources and time filing a motion to dismiss these two counts. Plaintiff would likewise be obligated to expend additional resources responding to that motion. Conversely, the resolution of NIKE's Motion has the potential to set the claims that Plaintiff would ultimately be raising against all defendants. At that time, Plaintiff could serve any Amended Complaint on all defendants.

### C. Plaintiff's Complaint Against "WALT DISNEY COMPANY doing business as ESPN, Inc." Should Be Dismissed Because No Such Entity Exists

Plaintiff initially named "WALT DISNEY COMPANY doing business as ESPN, Inc." as a defendant in the Complaint. [DKT No. 1, p. 1]. Plaintiff subsequently identified "WALT DISNEY COMPANY doing business as ESPN Enterprises" as a defendant in its Summons. [DKT No. 3-2]. A defendant cannot be required or expected to guess about who or what entity a plaintiff intends to sue. This is especially true when neither of the entities named by the plaintiff exists. *See* David-Sinatra Dec., ¶¶ 3-5.

Pursuant to Federal Rule 17(b), the capacity to sue a corporate entity is based upon the law under which the entity has been organized. Fed. R. Civ. P. 17(b)(2). Accordingly,

Plaintiff's ability to sue either of the alleged "ESPN" entities above is limited to whether these corporations have been organized under the law of any jurisdiction.

But here, neither of the named entities has been organized under the law of any state. The Walt Disney Company does not conduct business as ESPN, ESPN, Inc., ESPN Enterprises, or as any other "ESPN" entity. *See* David-Sinatra Dec., ¶ 6. Nor is there any evidence that The Walt Disney Company ever registered "ESPN, Inc." or "ESPN Enterprises" as a corporate d/b/a in any jurisdiction. *See id.* Because none of the preceding entities exist, it is impossible for Plaintiff to name any of them or d/b/a's thereof as a corporation that would have the capacity to be sued under Fed. R. Civ. P. 17(b).

Since Plaintiff cannot assert claims against an entity that does not exist, the Complaint against "WALT DISNEY COMPANY doing business as ESPN, Inc." should be dismissed with prejudice.

## III.   CONCLUSION

For the reasons set forth above and for good cause shown, Moving Defendants respectfully request the Court grant the Motion and vacate the defaults entered against Moving Defendants, dismiss the Complaint against "Walt Disney Company d/b/a/ ESPN, Inc." with prejudice, and dismiss Plaintiff's Complaint against Uninterrupted and T2 without prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 1, 2020 | /Goutam Patnaik/ <br> Goutam Patnaik (D.C. Bar No. 487664) <br> PEPPER HAMILTON LLP <br> 2000 K Street, N.W. <br> Suite 600 <br> Washington, DC  20006-1865 <br> Tel:  (202) 220-1200 <br> Fax:  (202) 220-1465 <br> patnaikg@pepperlaw.com <br> *Attorney for Defendants* |

*Uninterrupted LLC, Walt Disney Company d/b/a ESPN, Inc., and Take-Two Interactive Software, Inc.*

Case 1:20-cv-00455-DLF   Document 25   Filed 06/01/20   Page 15 of 16

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I electronically filed the foregoing Defendants Uninterrupted LLC, Walt Disney Company d/b/a ESPN, Inc. and Take-Two Interactive Software, Inc.'s Motion to Vacate Default Judgment and to Dismiss Complaint of Game Plan, Inc., the Statement of Points and Authorities in support thereof, and a proposed order via the Court's CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

/Goutam Patnaik/
Goutam Patnaik