**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

GAME PLAN, INC.,

                Plaintiff,

      v.

UNINTERRUPTED LLC, NIKE INC.,
WALT DISNEY COMPANY d/b/a ESPN,
INC., and TAKE-TWO INTERACTIVE
SOFTWARE, INC.,

               Defendants.

Civil Action No.  1:20-cv-00455-DLF

**PLAINTIFF GAME PLAN, INC.'S
OPPOSITION TO DEFENDANTS
MOTION TO VACATE**

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF GAME PLAN, INC.'S OPPOSITION TO DEFENDANTS
UNINTERRUPTED LLC, WALT DISNEY COMPANY, AND TAKE-TWO
INTERACTIVE SOFTWARE, INC.'S MOTION TO VACATE AND DISMISS**

The Plaintiff, Game Plan, Inc. ("Game Plan"), respectfully moves in opposition to

Defendants Uninterrupted LLC ("Uninterrupted"), The Walt Disney Company ("ESPN"), and

Take-two Interactive Software, Inc. ("T2") (collectively "Defendants") motion to vacate and

dismiss as set forth in this Statement of Points and Authorities.

I.   INTRODUCTION

      The Defendants could be denied the relief they seek because they rely on case law that is

not in this jurisdiction,  but detrimental to their arguments are the courts in those cases did not

decide in the favor of the relief the Defendants seek here.   As hampering to their case as that

may be, Game Plan points this Court to *Miller v. Holzmann*, 2006 U.S. Dist. LEXIS 9165, which

states that the Defendants would not be entitled to vacation of default or dismissal.  That position

1

is also supported by *Hobson v. Wilson*, 556 F. Supp. 1157, 1185-86 (D.D.C. 1982), and *F.T.C v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 205 U.S. App. D.C. 172, 636 F.2d 1300 (D.C. Cir. 1980), that establishes the Plaintiff, Game Plan, Inc. (hereinafter "Game Plan") is entitled to the Entry of Default against the Defendants. This Circuit says that serving an unsigned and unsealed summons is adequate to put the Defendants on notice, and the Defendants appearance overcomes any technical errors of service.

The Defendants participation in the lawsuit now would not have been any different had the summons in question included the Clerk's signature and the seal of this Court. Dismissing this case or vacating default would be form exalted over substance without showing a great harm done to the Defendants. The Defendants had notice of this action since February 18, 2020, and knew their response was due May 15, 2020. *See* Exhibit 1. This is evidenced by the Defendants, Doc. #25-2, which is an email conversation between their representative and Game Plan's counsel. Entry of Default is proper.

The Defendants also make an argument about The Walt Disney Company's name not being accurate and that inaccuracy created a failure to notify the Defendant. But that argument is belied by their participation and the Defendant's Declaration. *See* David-Sinatra Dec.

II. STATEMENT OF FACTS

    a. <u>Service of Process</u>

On February 18, 2020, Game Plan Inc., filed in the United States District Court for the District of Columbia, its Complaint alleging certain Trademark infringement, false designation, and dilution practices by the defendants in violation of the Lanham Act, 15 U.S.C. §114 and 15

U.S.C. §§1125(a)-(c), and unfair competition and unjust enrichment.  *See* Doc. #1.   Each Defendant was served.

The Walt Disney Company provides a "contact us" page at the following webpage: https://privacy.thewaltdisneycompany.com/en/support/ (See Image below).   This webpage also indicates its relationship to ESPN.   The second figure details The Walt Disney Company's ownership of ESPN.



On February 24, 2020, a copy of the Complaint and a Summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for ESPN, at The Walt Disney Company's 500 South Buena Vista Street, Burbank, California 91521.  *See* Doc. #9.

On March 6, 2020 counsel at the law firm Pepper Hamilton LLP made representations to Plaintiff's counsel that it would be representing Defendants, Uninterrupted and ESPN, and possibly T2. As of May 22, 2020, that has been confirmed with the Defendants' Notice of Appearance. *See* Doc #25-2 and s*ee* Doc. #22.

On March 12, 2020, by order of this Court, all defendants were to answer the Complaint on or before May 15, 2020. *See* March 12, 2020 MINUTE ORDER.

On March 12, 2020, a copy of the Minute Order was forwarded via email to representatives of Nike, Inc., ESPN, and Uninterrupted LLC, Take-Two Interactive Software, Inc. *See* Exhibit 1.

On March 17, 2020, a copy of said Complaint and summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for Uninterrupted LLC, at Corporation Trust Center, located at 1209 Orange Street, Wilmington, Delaware 19801. *See* Doc. # 10.

On March 21, 2020, a copy of said Complaint and a summons in a Civil Action were served by U.S. Postal Service First Class Mail, upon the Registered Agent for Take-Two Interactive Software, Inc., at Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808. *See* Doc. # 11.

As of May 15, 2020, no answer or other responsive pleading has been made by the Defendants.

   b. *Game Plan's Complaint*

Plaintiff identifies in its allegation in ¶¶3-7 of its Complaint [Doc. #1], the names and addresses of the parties. The Plaintiff identifies in its allegations in ¶¶ 63-80 of the Complaint,

the actual conduct of the Defendants to put the Defendants further on notice of the allegations and their responsibility to the Plaintiff, due to their conduct.

Game Plan owns the rights to the mark at issue here. *See Doc*. #5.  The Defendants used Game Plan's mark without the permission or authorization of Game Plan.  *See* Doc. #1 Complaint ¶ 63-80.

The Defendants' joint and individual unauthorized use not only created a financial benefit to the Defendants, but the Defendants enjoyed the good will associated with Game Plan's trademark.

III. ARGUMENT

    a. *The Legal Standard in The District Court of the District of Columbia Precludes a Dismissal and vacation of Entry of Judgment*

This Court has determined that the general attitude of the federal courts is that the provisions of Fed. R. Civ. P. Rule 4, is to be "liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself."  *Miller v. Holzmann*, 2006 U.S. Dist. LEXIS 9165, *76.  The modern conception of service of process is to act as primarily a notice-giving device. *Id*.

In *Hobson v. Wilson*, 556 F. Supp. 1157, 1185-86 (D.D.C. 1982), the Court declined to dismiss a case because the defendants possessing actual knowledge of the claims against them barred him from exploiting technical defects in the service of process by the plaintiff.

This Court has determined in two other instances that the Defendants appearing and participating in the action ordinarily prevents any technical error in the summons from being the basis of dismissal of the action. *Miller* at 80.

Here, the Plaintiff served the Defendants with Summons [Doc. #3] and the Complaint [See Doc. #1]. The Defendants received the document with a file stamp from this court across the top of the document. The Defendants went on to contact the Plaintiff and make recommendations about service and an extension of time to file. *See* Docs. #25-2 and #25-5. We ask the Court to find that the Defendants appearance at [Doc. #22] and present motion [Doc. #25] prevents the relief they seek in their motion because the Defendants' appearance and subsequent action cures any technical defect in the summons. Plus, the Defendants were aware of the action.

Therefore, the Defendants' motion should be denied for all issues raised in this Motion under this rule.

### b. *The Precedent the Defendants cite to does NOT support their request*

The rule from *Soos v. Niagara Cty.* is that an unsigned, unsealed summons is an issue of form rather than substance, and therefore amendments are liberally allowed so courts do not deny a plaintiff their day in court due to technical imperfections in service. *Soos v. Niagara Cty.*, at 463 quoting *Durant v. Traditional Invs., Ltd*., No. 88 Civ. 9048 (PKL), 1990 U.S. Dist. LEXIS 3074, at *9-10 (S.D.N.Y. Mar. 22, 1990). However, the *Soos v. Niagara* Court declined to resolve the issue of the unsealed, unsigned summonses. 195 F. Supp. 3d 458, 464 (W.D.N.Y. 2016).

Therefore, this Court should not be guided by that case, but if the Court were so guided, the Court can decline to resolve that issue.

The Supreme Court in *Omni*[1] was to determine if the district court had personal jurisdiction over the defendant, and if the service of process under a federal law allowed for a summons to be served on a foreign entity. *Phillips v. Lehman Bros. Holdings, Inc.* (In re *Fas Mart Convenience Stores, Inc.*), 318 B.R. 370, 376-77 (Bankr. E.D. Va. 2004). Therefore, the *Omni* case does not guide the parties.

Notwithstanding any jurisdictional reliability of the case law, the court in *Soos* declined to make a ruling on the issue of an unsigned and unsealed summons, while the other cases state that minor or technical defects in a summons in certain circumstances do not render service invalid. Therefore, even under the authority of the cases referenced by the Defendants the relief the Defendants seek would fail.

In the District Court for the District of Columbia, in order for there to be a dismissal based on an error contained within the summons, prejudice must be shown to permit the dismissal of an action premised on a failure to serve the summons properly. *Miller v. Holzmann*, 2006 U.S. Dist. LEXIS 9165, *80.

The Defendants have been made aware of each development in this matter, including the May 15, 2020 MINUTE ORDER that provided the responsive pleading deadline, for all

---

[1] *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404 (1987). In this case, The Supreme Court of the United States sought to determine if the statute sought to be enforced, provided a long-arm provision to allow the Plaintiff to serve a foreign entity. The issue regarding the summons surrounded whether the district court's properly determined that it lacked personal jurisdiction because the Commodity Exchange Act, at the time, did not authorize service of process on a foreign entity and the state's long-arm statute requirement were not met. This Court has personal jurisdiction over the Defendants and this case does not articulate the technical aspects of an unsigned and unsealed Summons.

Defendants.  Regardless of that, the Defendants, by and through their counsel, had dialogue with Game Plan regarding service and the extension of time granted to reply to the Complaint. Because of the Defendants' involvement and knowledge of developments, there is no prejudice to the Defendants by the summons received.

Although counsel for the Defendants seek to torture the appropriate name of the entity for The Walt Disney Company, nothing suggests that party did not understand the allegations made against them and that those allegations are in reference to their conduct.  Therefore, a responsive pleading was due May 15, 2020 for that Defendant as well.  The only rational conclusion to reach is the Defendants just were not concerned about being in default.

### c.  *Defendants' Motion to Vacate is missing a critical element under D.D.C. Rule*

The District Court for the District of Columbia LCvR 7 (g) states,  a "motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."

The Defendants' motion does not present a verified answer presenting a defense sufficient to bar the claims,  nor is there legal theory presented in their brief.   Considering Nike's arguments as a defense is not sufficient because these Defendants have not articulated those arguments as they relate to each Defendant.  Thus, no defense has been presented.

### d.  *The Walt Disney Company doing business as ESPN can be sued*

Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held.  *Ludden v. Metro Weekly*, 8 F. Supp. 2d 7, 18 (D.D.C. 1998).  Under Fed. R. Civ. P. 17(b)(3) an

unincorporated association may sue and be sued under federal law.  *Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell*, 260 F.R.D. 1, 3 (D.D.C. 2009).

The Walt Disney Company is incorporated and can be sued, under the state law of the District of Columbia.  However, if the Court finds that "The Walt Disney Company doing business as ESPN, Inc." is an improperly named entity, the Court can also find that it can be sued, as an unincorporated association between The Walt Disney Company and ESPN, Inc.   As shown in the figures above, The Walt Disney Company owns ESPN, Inc.  Notwithstanding, the ability for counsel to identify a person at the entity who the Defendants believe is of interest, belies their argument.  Furthermore, the Plaintiff alleges information adequate to identify the party.  *See* Doc. #1, *Complaint* ¶ 5.

Therefore, this argument fails and their motion should be denied.

## CONCLUSION

The summons served on the Defendants do not preclude or prevent the Entry of Default against each Defendant named here especially since the Defendants' appearance and present motion overcomes any technical errors.  The Defendants' motion should be denied.

Dated:  June 11, 2020                    Respectfully,

By:  */s/ Ryan L. Jones*
          Ryan L. Jones (D.C. Bar No. 1015309)
          RYAN L. JONES LAW, LLC
          1133 21st Street NW, Suite M200
          Washington, D.C. 20036
          Telephone: (202) 340-8786
          ryan@rljoneslaw.com

          *Attorney for Plaintiff*
          *Game Plan, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2020, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE AND DISMISS and Statement of Points and Authorities in support thereof and a proposed order via the Court's CM/ECG system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

          */s/ Ryan L. Jones*
          Ryan L. Jones, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| GAME PLAN, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>UNINTERRUPTED LLC, NIKE INC.,<br>WALT DISNEY COMPANY d/b/a ESPN,<br>INC., and TAKE-TWO INTERACTIVE<br>SOFTWARE, INC.,<br><br>              Defendants. | Civil Action No.  1:20-cv-00455-DLF |

**[PROPOSED] ORDER DENYING DEFENDANTS UNINTERRUPTED LLC, THE WALT DISNEY COMPANY, AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S  MOTION TO VACATE AND DISMISS**

Upon consideration of the Defendants' motion and opposition thereto, as well as the remainder of the record herein, the Court denies the Defendants' motion  pursuant to Rule 4, 17, and 55 of the Federal Rules of Civil Procedure, and The District Court of the District of Columbia LCvR 7 (g),  as the Plaintiff has made effective service and filed a well pled complaint sufficient to make aware the Defendants of the claims against them, and has done so meeting the standard for each claim asserted in the complaint.

       **THEREFORE**, it is **ORDERED** that Defendants, Uninterrupted LLC, The Walt Disney Company, and Take-Two Interactive Software, Inc., are in default and the Entry of Default will remain.

**SO ORDERED.**


DATED this _____ day of _____, 2020

_____
The Honorable Dabney L. Friedrich
United States District Judge