UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
COLUMBIA

GAME PLAN, INC.,

        *Plaintiff*,

  v.

ESPN, INC., *et al.*,

        *Defendants*.

No. 20-cv-455 (DLF)

### ORDER

    Before the Court is Nike's partial Motion to Dismiss, Dkt. 16, and ESPN, Take-Two Interactive Software, and Uninterrupted LLC's Motion to Stay, Dkt. 31. For the reasons that follow, the Court will grant both motions.

    In its partial motion to dismiss, Nike argues that Game Plan has failed to state a claim upon which relief can be granted on two of its five claims: (1) trademark dilution under 15 U.S.C. § 1125(c), and (2) common law unjust enrichment. Taking the well-pleaded factual allegations in the Complaint as true, as we must, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Game Plan has not stated a claim upon which relief can be granted as to these two claims. *See* Fed. R. Civ. P. 12(b)(6).

    Game Plan cannot state a claim for trademark dilution because it has not alleged facts to support an inference that the mark is "famous," which is an essential element of this claim. 15 U.S.C. § 1125(c). "[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Id.* § 1125(c)(2)(A). This is a demanding standard, with Courts holding that marks such as the Texas Longhorns logo, *Bd. of Regents v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 679

(W.D. Tex. 2008), and the COACH logo on luxury handbags, *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1373 (Fed. Cir. 2012), are not sufficiently famous. And "niche fame" limited to a particular community or industry, "is a category of fame to which the [Act] explicitly does not apply." *Bd. of Regents*, 550 F. Supp. 2d at 677. Game Plan has not alleged facts that can support a finding that its mark "I AM MORE THAN AN ATHLETE. GP. GAME PLAN" has achieved this requisite fame. Rather, Game Plan merely alleges that its mark was "gaining fame." Am. Compl. ¶ 101, Dkt. 29. This, along with mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" *Iqbal*, 556 U.S. at 678, does not plausibly meet the high standard of establishing that Game Plan's mark was a "household name," *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F. Supp. 3d 175, 220 (D.D.C. 2014). For this reason, the Court will dismiss Game Plan's trademark dilution claim.

So too, Game Plan cannot state a claim for relief for unjust enrichment. Game Plan does not specify any particular state law as a basis for its claim, but instead invokes "common law." Pl.'s Resp. to Mot. to Dismiss at 5, Dkt. 23-1. To state a claim for unjust enrichment, a quasi-contract theory of recovery, a plaintiff must show that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retained the benefit, and (3) the defendant's retention of the benefit was unjust. *See Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 134 (D.D.C. 2009). However, Game Plan has not alleged that it conferred, or promised to confer, any benefit on any of the defendants. Indeed, Game Plan has not alleged that it ever interacted with any of the defendants. Instead, Game Plan invokes the Lanham Act and states that the statute itself creates a "contract implied-by-law" between the parties. *See* Pl.'s Resp. at 5. But Game Plan provides no support for the novel proposition that the Lanham Act, an entirely separate basis for relief from unjust enrichment, can somehow establish a relationship between the parties where

2

none exists.  Ultimately, Nike is correct that Game Plan "conflates a claimant's entitlement to an award of profits under the Lanham Act based on a finding that the defendant was unjustly enriched, on the one hand, with a standalone claim for 'Unjust Enrichment' under a common law quasi-contract theory of damages, on the other."  Def.'s Reply to Mot. to Dismiss at 7, Dkt. 26.  Thus, without any allegation of a relationship between the parties, the Court will dismiss the quasi-contract unjust enrichment claim.

As to the remaining claims, the defendants argue that this litigation should be stayed pending a resolution of the far-advanced litigation over the same dispute before the Trademark Trial and Appeal Board (TTAB).  *See* Defs.' Mot. to Stay.  "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  After all, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254.

The Court determines that a stay is proper in this case.  First, the TTAB litigation involves identical issues and is much further advanced than this litigation.  Already the parties have expended significant time and resources in the nearly two-year-old TTAB matter.  Indeed, the parties had already completed a lengthy discovery process and submitted a dispositive motion in the TTAB matter before this litigation even began.  Second, although the TTAB may not have the power to grant the full relief requested before this Court, its expert determination on the likelihood-of-confusion issue will significantly aid in the resolution of this case.  Plaintiff's argument that there is not perfect overlap between the defendants in this suit and those before the TTAB does not change that fact—the TTAB will still address the same underlying trademark questions at issue here.  Its decision will be, at the very least, persuasive and helpful, if not

preclusive.  Finally, it is of no moment that the TTAB matter is currently stayed.  The TTAB lifts its stays as a matter of course whenever related civil litigation is stayed.  *See Trademark Trial and Appeal Board Manual of Procedure* § 510.02(a) (2020) ("[I]f, as sometimes happens, the court before which a civil action is pending elects to suspend the civil action to await determination of the Board proceeding and the Board is so advised, the Board will go forward with its proceeding.").  Thus, in the interest of judicial economy and the proper resolution of this dispute, the Court will stay this case pending the resolution of the related TTAB matter.  Accordingly, it is

    **ORDERED** that Nike's partial Motion to Dismiss, Dkt. 16, is **GRANTED**.  Game Plan's trademark dilution and unjust enrichment claims are **DISMISSED WITH PREJUDICE.**  It is further

    **ORDERED** that this case is **STAYED** pending resolution of TTAB Opposition No. 91244990.  The parties shall file a joint status report with the Court within thirty days of the final, non-appealable disposition of the TTAB proceeding.

October 9, 2020

                                                                   DABNEY L. FRIEDRICH
                                                                   United States District Judge